IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH ALBERT LOUDEN, | : | CIVIL NO. 1:CV-05-0105 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al., | : | |
| Respondent | : | |

**MEMORANDUM and ORDER**

On January 14, 2005, this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner Ralph Albert Louden, currently an inmate at the State Correctional Institution at Coal Township, Pennsylvania. In the petition, Louden challenges his conviction and the resulting sentence imposed by the Court of Common Pleas of Perry County, Pennsylvania. (Doc. 1.) In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Louden was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petitions, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act. He was also informed that failure to comply with the order would result in the court ruling on the petition as filed. (Doc. 6.) On February 24, 2005, Louden notified the court that he wished to withdraw his instant petition so that he could file one all-inclusive petition under § 2254. (Doc. 7.) On the same date, he submitted a new §2254 petition but, because the new petition did not reference the above docket number, it was mistakenly opened by the Clerk of Court as a new case filing. After discovering the problem, the court issued an Order on

March 25, 2005, directing that the new habeas action be consolidated into the above matter, and the new petition docketed as the amended habeas corpus petition in this case. (Doc. 10.) This matter currently proceeds on the amended habeas corpus petition (Doc. 11). Following service of the amended petition on Respondent and the submission of a response and exhibits thereto, Louden filed his traverse on August 12, 2005. The matter is ripe for disposition, and, for the reasons set forth below, will be dismissed as untimely.

I.     Background

The charges against Louden arose from events occurring on the morning of May 16, 1996, while he was under the influence of cocaine. Louden was driving his employer's van along a rural highway in Perry County when he saw a female pedestrian, Gail Koll, walking her dog. He stopped, asked for directions and then drove off. A few minutes later, Louden returned brandishing a sawed-off shot gun, and ordered Koll into the van. When Koll began to run away, Louden exited the van and fired the shotgun at her, striking her in the head. Koll temporarily lost consciousness, but eventually crept through the woods to her home and called the police. Later that evening, Louden voluntarily surrendered to police and gave the following statement. He claimed that he had picked up a hitchhiker who forced him at knifepoint to aim an unloaded shotgun at Koll and order her into the van. He further alleged that when Koll fled, the hitchhiker took the gun from him, along with the keys to the van, loaded the gun and shot Koll. When the hitchhiker returned to the van, he ordered Louden to drive him to a secluded place where Louden allegedly subdued the hitchhiker and then took off on foot. Louden returned to the van later that night, and then drove to the state police barracks. On August 29, 1996, following a jury trial, Louden was found guilty of attempted homicide, attempted kidnaping, aggravated assault, and recklessly endangering another person. He

received an aggregate sentence of 20 to 40 years' imprisonment.

A timely direct appeal was thereafter filed with the Pennsylvania Superior Court, which affirmed the judgment of sentence on March 26, 1998. (Doc. 18, Ex. 3.) A timely request for Allowance of Appeal to the Pennsylvania Supreme Court was denied by Order dated August 27, 1998. (Id., Ex. 5.)

On December 28, 1998, Louden filed his first PCRA petition. Counsel was appointed and, following amendments to the petition, an evidentiary hearing was conducted by the Perry County Court of Common Pleas on November 14, 2001. The PCRA petition was thereafter dismissed on December 5, 2001. The dismissal of the petition was later affirmed by the Pennsylvania Superior Court on July 15, 2003. (Id., Ex. 9.)

On May 12, 2004, Louden filed a second PCRA petition. (Id., Doc. 12.) Counsel for Louden was thereafter appointed by the Perry County Court on September 8, 2004.[1] On October 21, 2004, the Commonwealth moved to dismiss the second PCRA petition as untimely. On November 3, 2004, following a review of the Commonwealth's motion and a response thereto filed by Louden's counsel, the second PCRA petition was dismissed as untimely. On December 2, 2004, through counsel, Louden filed a Notice of Appeal to the Pennsylvania Superior Court. On January 14, 2005, Louden, again through counsel, filed a Praecipe to Discontinue the Appeal. (Id., Ex. 15.) On January 18, 2005, the Superior Court issued a Notice of Discontinuance of Action. (Id., Ex. 16.) The instant habeas corpus action was filed on January 14, 2005, the day Louden voluntarily

---

[1] At some point near the time of the Pennsylvania Superior Court's affirmance of the dismissal of Louden's first PCRA petition, new counsel was appointed by the Perry County Court to represent Louden. This attorney ultimately petitioned to withdraw as counsel and filed a "No Merit" letter dated February 4, 2004. Following the filing of the second PCRA, new counsel was again appointed.

discontinued his second PCRA appeal.  In his habeas petition, Louden raises eleven (11) grounds which include prosecutorial misconduct, ineffective assistance of trial counsel and challenges to the length of the sentence imposed.

II.     Timeliness of Habeas Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on applications for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, Louden's conviction became final on or about November 25, 1998, ninety (90) days after the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.  Morris v. Horn, 187 F.3d 333, 337 and n.1 (3d Cir. 1999).  The one-year limitations period began running on that date, to expire one year later, November 25, 1999.  However, excluded from running of the one-year statutory period is the period of time "during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). As such, Louden's first PCRA petition filed on December 28, 1998, tolled the running of the statutory period from said date until it was dismissed by Order of the Pennsylvania Superior Court on July 15, 2003.  Louden used up thirty-three (33) days of the available one-year statutory period before he filed his first PCRA petition.[2]  Therefore, when the period began to run again on July 15, 2003, Louden had just short of eleven months - - until on or

---

[2] The period began to run on November 25, 1998 (the deadline for filing a petition for writ of certiorari to the United States Supreme Court) and was tolled on December 28, 1998, the date the PCRA petition was filed.

4

about June 12, 2004 remaining in the one-year statutory period within which to file his habeas petition pursuant to § 2254. He clearly did not do so. The instant habeas action was not commenced until January 14, 2005.

The filing by Louden of his second PCRA petition had no tolling effect as said petition was not "properly filed." The second PCRA was not filed until May 12, 2004. In order to be "properly filed" a state PCRA petition must satisfy the state's timeliness requirements as set forth in 42 Pa. C.S.A. § 9545(b)(1). The second PCRA petition was dismissed by the Perry County Court as untimely. While Louden had requested in his second PCRA that said petition be treated by the PCRA court as a "continuation of his first PCRA" rather than a second PCRA petition, his request was rejected. In dismissing the second PCRA, the Perry County Court found that Louden already had a hearing with regard to his first PCRA and the only new argument raised in the second PCRA was that he was unable to personally review the court file during his first PCRA proceedings. However, the Perry County Court found that because the file was available to Louden's counsel at the time, he failed to present any exceptions to the timeliness requirement, and therefore dismissed his second PCRA as untimely. Further, the PCRA court found that the second PCRA was merely an attempt by Louden to relitigate those arguments previously rejected in the first PCRA. (Doc. 18, Ex. 13.) Louden, through counsel, thereafter filed an appeal from the dismissal of his second PCRA as untimely. Thereafter, Petitioner, again through his counsel, voluntarily withdrew the appeal.

The law is clear that in order to be "properly filed" a state PCRA petition must satisfy the state's timeliness requirements. See Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). As such, the instant federal habeas action filed on January 14, 2005 is clearly untimely as it is well outside the statutory expiration date of June 12,

2004.

As set forth above, statutory tolling does not apply in this case. All that remains is the possibility of equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Louden does not assert equitable tolling in his pending habeas petition. Even if he did, there exists no basis to apply the principles of equitable tolling under the circumstances of this case. Accordingly, the instant petition is untimely and will be dismissed.

III.     Order

**AND NOW,** this 18th day of January, 2007, upon consideration of the amended petition for writ of habeas corpus (Doc. 11), **IT IS HEREBY ORDERED THAT:**

1. The amended petition for writ of habeas corpus (Doc. 11) is DISMISSED as untimely. See 28 U.S.C. § 2244(d)(1).

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253.

3. The Clerk of Court is directed to CLOSE this case.

     S/ Yvette Kane  
     YVETTE KANE, Chief Judge  
     Middle District of Pennsylvania